UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN FISHER,

                              Plaintiff,
                                                        9:16-CV-1175
v.                                                      (GTS/ATB)

MILLER, Superintendent, Great Meadow Corr.
Facility; and EASTMAN, Superintendent for
Security, Great Meadow Corr. Facility,

                              Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

KEVIN FISHER, 08-A-2636
  Plaintiff, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ERIC T. SCHNEIDERMAN                               BRIAN W. MATULA, ESQ.
Attorney General for the State of New York              Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Kevin Fisher

("Plaintiff") against the two above-captioned employees of the New York State Department of

Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. § 1983, are (1)

Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief

may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and (2) United States Magistrate Judge

Baxter's Report-Recommendation recommending that Defendants' motion be granted in part and

denied in part.  (Dkt. Nos. 10, 15.)  For the reasons set forth below, Magistrate Judge Baxter's

Report-Recommendation is accepted and adopted; Defendants' motion is granted to the extent

that it requests the dismissal of Plaintiff's claim of negligence in his Complaint; and Defendants'

motion is otherwise denied.

Generally, in his "Objection" to the Report-Recommendation, Plaintiff sets forth certain

discovery demands of Defendants, and requests that the Court issue an Order directing

Defendants to comply with those discovery demands.  (Dkt. No. 16.)[1]  Plaintiff's "Objection"

does not contain a specific challenge to any portion of the Report-Recommendation.  (*Id.*)

When a specific objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[2]

---

[1]        Plaintiff's request is unsupported by a showing of cause.  However, because the
request is non-dispositive in nature, the undersigned will deny it only without prejudice (so that
he may renew it before Magistrate Judge Baxter, should he choose to do so).  Plaintiff is advised
that any renewed request must be supported by an affidavit pursuant to Local Rule 7.1.  In
addition, the Clerk of the Court is directed to provide Plaintiff with a courtesy copy of the
District's Local Rules of Practice, and the District's *Pro Se* Handbook, if it has not already done
so.

[2]        *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation. Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. To those reasons, the Court adds the following two points.

First, to the extent note 2 of the Report-Recommendation may be read to suggest that the integrality exception to the "four corners" rule is an alternative to the knowledge-or-possession exception to that rule, the Court construes the latter (i.e., knowledge or possession) to be a requirement of the former (i.e., integrality).[3] This is because, to be "integral" to a complaint, a

---

[3]       *See Rothman v. Gregor,* 220 F.3d 81, 88-89 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit . . . .") (citation omitted); *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

document's terms and effect must be relied on heavily by the complaint.[4]  Setting aside the fact

that a plaintiff's heavy reliance on a document implies his possession or at the very least

knowledge of the document, the Second Circuit has explained that "mere notice or possession is

not enough" to constitute an exception to the "four corners" rule.[5]  However, here, this point of

clarification is of little significance, because the Court finds that both requirements (i.e.,

knowledge / possession and heavy reliance) have been met with regard to Plaintiff's grievance

and appeal therefrom.  While the mere mention of Plaintiff's grievance and appeal in Paragraph

4 of the form Complaint is not enough to render the documents heavily relied upon (because

alleging successful exhaustion is not necessary to state a claim), Plaintiff also alleges, in his

"Fourth Cause of Action" and "Fifth Cause of Action," that Defendants *knowingly* "continue" to

fail to properly screen inmates.  (Dkt. No. 1, at 6.)

Second, to the extent that pages 14 through 16 of the Report-Recommendation rely on the

difference between the standard under Fed. R. Civ. P. 56 and the standard under Fed. R. Civ. P.

12(b)(6), the Court construes that difference to be minimal.  This is because the former turns on

whether a finding of liability on a claim would be *rational* based on material facts that are

undisputed in a record while the latter turns on whether a claim has been *plausibly* suggested by

factual allegations that are assumed to be true.  In short, the standards are analogous in that "both

---

[4]     *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("Where a
document is not incorporated by reference, the court may neverless consider it where the
complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to
the complaint.") [internal quotation marks and citations omitted].

[5]     *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2009) ("Because this
standard has been misinterpreted on occasion, we reiterate here that a plaintiff's reliance on the
terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's
consideration of the document on a dismissal motion; mere notice or possession is not enough.").

rationality and plausiblity share the characteristic of reasonableness." *See, e.g., Morgan v. Luft*, 15-CV-0024, 2016 WL 1118452, at *4 (N.D.N.Y. March 22, 2016) (Suddaby, C.J.). However, again, this point of clarification is of little significance, because the Court finds that facts have been alleged in the Complaint plausibly suggesting that Defendants acted with a mental state greater than carelessness.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 10) is **GRANTED in part** in that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** to the extent that it asserts a claim of negligence; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 10) is **otherwise DENIED;**

**ORDERED** that Defendants file an answer to the Plaintiff's Complaint within 14 days of the date of this Decision & Order pursuant to Fed.R.Civ.P. Rule 12(a)(4)(a) and this case is referred back to Magistrate Judge Baxter for the setting of pretrial scheduling deadlines.

Dated: February 9, 2017
      Syracuse, New York

                                    HON. GLENN T. SUDDABY
                                    Chief United States District Judge