UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN FISHER,

                        Plaintiff,

v.                                             9:16-CV-1175
                                                     (GTS/ATB)

MILLER, Super., Great Meadow Corr. Facility; and
EASTMAN, Super. for Sec., Great Meadow Corr.
Facility,

                        Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

KEVIN FISHER, 08-A-2636
  Plaintiff, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. BARBARA UNDERWOOD                      BRIAN W. MATULA, ESQ.
Attorney General for the State of New York           Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Kevin Fisher

("Plaintiff") against the two above-captioned employees of the New York State Department of

Corrections and Community Supervision at Great Meadow Correctional Facility in Comstock,

New York ("Defendants"), are the following: (1) Defendants' motion for summary judgment, (2)

United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending

that Defendants' motion be granted and Plaintiff's Complaint be dismissed in its entirety, and (3)

Defendants' Objections to the Report-Recommendation challenging (a) Magistrate Judge Baxter's refusal to base his Report-Recommendation on Plaintiff's failure to exhaust his available administrative remedies, (b) Magistrate Judge Baxter's finding that Defendants failed to comply with the Court's Text Order of January 2, 2018, and (c) Magistrate Judge Baxter's decision to base his recommendation on his *sua sponte* review of material submitted *in camera* to the Court. (Dkt. Nos. 38, 45, 49.) For the reasons set forth below, Defendants' Objections are rejected; the Report-Recommendation is accepted and adopted; Defendants' motion for summary judgment is granted; and Plaintiff's Complaint is dismissed in its entirety.

I.      RELEVANT BACKGROUND

     A.      **Magistrate Judge Baxter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following two findings of fact and conclusions of law: (1) although Defendants argue that Plaintiff has failed to exhaust his available administrative remedies with respect to the inconsistent use of metal detectors at the entrance to a prison yard, Magistrate Judge Baxter need not (and indeed is without the authority to) address the merits of this argument because (a) Defendants previously raised the argument in their motion to dismiss for failure to state a claim and the undersigned adopted Magistrate Judge Baxter's finding that Plaintiff had exhausted his administrative remedies based on the four corners of his Complaint (as well as documents incorporated by reference in, and/or integral to, that Complaint), and (b) in their motion for summary judgment, Defendants base this argument on the same documents relied on in their motion to dismiss, necessitating the same finding as previously rendered (i.e., that the argument should be rejected); and (2) Plaintiff's failure-to-protect claim under the Eighth Amendment

2

should be dismissed because he has failed to adduce admissible evidence establishing that (a) Defendants were aware of a specific danger to Plaintiff or (b) Defendants were deliberately indifferent to a general danger arising from metal weapons being smuggled into the yard (through failing to take reasonable measures to abate the danger). (Dkt. No. 45, at Part IV.)[1]

### B. Defendants' Objections to the Report-Recommendation

Generally, in their Objections, Defendants assert the following three arguments: (1) Magistrate Judge Baxter erred by concluding that he was without the authority to address the merits of Defendants' argument regarding (and/or refusing to rule in Defendants' favor regarding) Plaintiff's failure to exhaust his available administrative remedies because (a) Defendants' motion-for-summary-judgment argument on this subject is based not on the same documents as those on which their motion-to-dismiss argument on this subject is based, but on additional documents (most notably, Plaintiff's deposition testimony), which regarded both the extent that two high-level administrators at Great Meadow Correctional Facility were responsible for the injuries in the yard and an asserted exception to the exhaustion process, and (b) Magistrate Judge Baxter's alternative finding (that, even if he possessed the authority to address the merits of this argument, he would reject those merits) is based on multiple flawed factual premises (e.g., that Plaintiff sufficiently claimed the improper use of a metal detector in

---

[1] The Court notes that, in rendering this last finding, Magistrate Judge Baxter noted that "Defendants did not comply with my [text] order [of January 2, 2018], which had directed them to file with the Court "the documents that they [previously] provided to plaintiff, to the extent the plaintiff states that he needs to reference the documents in filings with the court." (Dkt. No. 45, at 13, n.5.) The Court notes also that, in rendering this last finding (specifically, Magistrate Judge Baxter's concession that there existed a general danger arising from metal weapons being smuggled into the yard), Magistrate Judge Baxter *sua sponte* admitted and reviewed *in camera* 196 pages of documents. (*Id*. at 13 & n.5.)

his Inmate Grievance Complaint of October 4, 2015), because (based on Plaintiff's deposition transcript) the metal detector was not located at the yard entrance but was separated from the yard by multiple corridors and a mess hall, and was staffed by security staff officers different than those who were posted at the entrance to the yard), as well as an incorrect reliance on factors relevant the special-circumstances exception contained in the exhaustion standard (which no longer exists); (2) Magistrate Judge Baxter erred in finding that Defendants failed to comply with the Court's Text Order of January 2, 2018, because (a) the Text Order conditioned Defendants' duty to file the documents in question on Plaintiff's statement of a need to reference those documents in his papers, and (b) Plaintiff never expressed such a need; and (3) Defendants object to Magistrate Judge Baxter's Report-Recommendation to the extent it relies upon the *sua sponte* admission and *in camera* review of a 196-page supplemental disclosure (to support a finding that there existed a substantial risk to inmates from metal weapons in the yard) because (a) neither party incorporated by reference or integrally relied upon the documents in their briefings, and (b) even if Magistrate Judge Baxter had been permitted to base his Report-Recommendation on the documents, his finding regarding them was erroneous given there was only a single incident involving a *metal* weapon that resulted in an injury requiring medical treatment.  (Dkt. No. 49, at Parts I-III).

## II.     STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

4

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[4]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Defendant specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted for the reasons stated therein. To those reasons, the Court adds the following three points.

First, regardless of whether Magistrate Judge Baxter had the authority to address, and issue a Report-Recommendation regarding, the merits of Defendants' failure-to-exhaust argument under the circumstances, he possessed the discretion (as does the undersigned) to decline to address an argument asserting an alternative ground for dismissal (which is what the failure-to-exhaust argument asserts). Having said that, Defendants' arguments regarding the above-referenced factual premises and special-circumstances exception are well taken. Defendants are assured that, should the Second Circuit reverse the Court's finding regarding the

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

7

basis on which their motion is granted and Plaintiff's Complaint is dismissed (i.e., the lack of admissible record evidence establishing that Defendants were deliberately indifferent to any general danger arising from metal weapons being smuggled into the yard), the Court would decide the failure-to-exhaust issue upon further briefing (and perhaps upon a second motion for summary judgment), before the Court holds a pre-trial exhaustion hearing.

Second, the Court views Magistrate Judge Baxter's footnote regarding whether Defendants failed to comply with the Text Order of January 2, 2018, as dictum because it is not necessary to a recommendation that Defendants' motion for summary judgment be granted (based on the lack of admissible record evidence establishing that Defendants were deliberately indifferent to any general danger arising from metal weapons being smuggled into the yard). As a result, the Court need not reject that finding in order to grant Defendants' motion and dismiss Plaintiff's Complaint.

Third, the Court also views Magistrate Judge Baxter's finding that he possesses the authority to review on the 196 pages of documents contained in Dkt. No. 46 as akin to dictum in that it does not appear to be necessary to a recommendation that Defendants' motion for summary judgment be granted (based on the lack of admissible record evidence establishing that Defendants were deliberately indifferent to any general danger arising from metal weapons being smuggled into the yard). More specifically, while Magistrate Judge Baxter relies on the documents to find that there existed a general danger arising from metal weapons being smuggled into the yard, such a finding is not logically necessary to his subsequent finding that Defendants were not deliberately indifferent to such a general danger. Moreover, while Magistrate Judge Baxter twice references the documents in footnotes in his analysis of whether

8

deliberate indifference has been shown, the references are unnecessary to the corresponding findings in the body of the Report-Recommendation (which regard Plaintiff's awareness or concession, presumably shown in his opposition memorandum of law and his deposition, of both the commission of assaults by the use of non-metal weapons and the existence of non-metal-detector security measures). (*See* Dkt. No. 45, at 14-19 [Report-Recommendation, analyzing the deliberate-indifference issue by relying on various of Defendants' motion exhibits but not any of the documents contained in Dkt. No. 46, except those cited in notes 11 and 13].) As a result, the Court need not reject this finding in order to grant Defendants' motion and dismiss Plaintiff's Complaint.

Having said that, the Court acknowledges (as it would imagine Magistrate Judge Baxter would acknowledge) the risks generally inherent in the *sua sponte* consideration of a copious amount of documents that parties have not specifically briefed on a motion for summary judgment.[6] As a result, again, Defendants are assured that, should the Second Circuit reverse the Court's finding regarding the basis on which Plaintiff's Complaint is dismissed (i.e., the lack of admissible record evidence establishing that Defendants were deliberately indifferent to any general danger arising from metal weapons being smuggled into the yard), the Court would decide the substantial-risk-to-inmate issue upon further briefing (and perhaps upon a second motion for summary judgment), before trial.

---

[6] *Cf. United States v. Kmart Corp.*, 12-CV-0881, 2015 WL 11181733, at *2 (S.D. Ill. Jan. 9, 2015) ("The Seventh Circuit has indicated that disposing of matters *sua sponte* is risky for a number of reasons: (1) these decisions can conflict with the adversarial nature of the judicial system, (2) the parties are deprived of the opportunity to make arguments or present evidence, and (3) judicial efficiency is often compromised by sua sponte decisions.").

ACCORDINGLY, it is

ORDERED that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 45) is **ACCEPTED** and **ADOPTED**; and it is further

ORDERED that Defendants' motion for summary judgment (Dkt. No. 38) is **GRANTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety.**

Dated: August 14, 2018
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge